## Fritzius v. Brennan, Appellant.

*Appeals—Paper-books—Failure to print testimony—Quashing appeal.*

Where an appellant has failed to print the charge and the testimony, and such omission is vital to a proper consideration of the case, the appeal will be quashed.

Argued April 10, 1905. Appeal, No. 114, April T., 1905, by defendant, from judgment of C. P. No. 1. Allegheny Co., Sept. T., 1902, No. 761, on verdict for plaintiff in case of George B. Fritzius and William W. Noland, trading as Fritzius & Noland, v. P. J. Brennan. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Assessment on a contract of surety. Before MACFARLANE, J.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for plaintiff on the verdict.

*Edwin W. Stowe*, with him *Edwin H. Stowe* and *A. L. Pearson*, for appellant.

*Joseph F. Mayhugh*, for appellee.

OPINION BY PORTER, J., July 13, 1905:

The jury, after a trial in the court below, rendered a verdict in favor of the plaintiff for a definite amount, subject to the opinion of the court upon two questions of law reserved,

to wit : " 1. Whether the defendant is liable at all under the terms of the guarantee. 2. If so, whether liable for the whole amount that is claimed or only for the payments due at the time of the bringing of the suit." It is not necessary to discuss what the result might have been had objection been made and exception taken to the form and manner in which the questions of law were reserved. There was no exception to the charge of the court, nor to the form in which the questions were reserved. The specifications of error all go to the entry of judgment upon the verdict. We cannot reverse the court below for the mere entry of judgment under the question reserved, upon a verdict for a definite amount, unless it appears from the terms of the reservation that such judgment was erroneous.

This action was brought upon a contract of guarantee, the execution of which was admitted. We gather from the opinion filed by the court below upon the disposition of the reserved question, the history of the case and the printed arguments of counsel, in the absence of any evidence, that the facts developed at the trial were substantially as follows : The defendants being the owners of certain goods had delivered them to Coxey, they alleging that the goods had been sold on the order of Brennan and under an express agreement charged to him ; they demanded of Brennan payment of the price and he refused, denying liability ; the plaintiffs threatened to commence legal proceedings and the parties met by appointment and the plaintiffs, Brennan and Coxey, all being present, they entered into the agreements out of which this litigation has arisen. The plaintiffs entered into a written agreement with Coxey, dated February 6, 1902, under the provisions of which they agreed to " let and rent " to Coxey the furniture in question, " for the period of eleven and a half months." Coxey agreed " for the use and hire of said articles, . . . . to pay to the bailors, at their place of business, wherever the same may be, for rent, hire and use of the said articles, the $80.00 on the execution of this agreement and $25.00 every month thereafter, until the amount is fully paid." The agreement provided that in case of default of any of the payments the bailors might at once take the property ; and it also contained this covenant : " It is also agreed that if at any time during

the term of this bailment, or at the end thereof, the said bailee desires to purchase the said articles, upon payment of such sum as would amount with previous payments to the sum of $368.65 he shall have the right to do so, and said bailee agrees not to injure or remove said articles, or any of them, from present residence, nor in any way part with their custody and possession, without the written consent of the bailors. It is also expressly agreed and understood that no title, legal or equitable, shall vest in the said bailee until the terms of the agreement are complied with and a bill of sale delivered." Brennan, at the same time, executed the agreement upon which this action was brought, which was indorsed upon the contract between the plaintiffs and Coxey, and was in these words: "For value received, I, P. J. Brennan, of Braddock, Allegheny County, Pa., do hereby guarantee payment of the purchase money of the within bill of goods in accordance with the terms of the within lease." This written guarantee was dated March 20, 1902, while the principal contract bore an earlier date, but both were executed at the same time and are to be construed together. The goods remained in the possession of Coxey who never at any time paid any amount under the contract, either as rent or purchase money._ Brennan and others subsequently, in May, 1902, issued sundry writs of execution and levied upon these goods as the property of Coxey, and they were sold by the sheriff and the proceeds applied to said writs. Coxey was from that time absolutely insolvent, and removed from the state of Pennsylvania. The agreement between the plaintiffs and Coxey, standing alone, would have constituted the latter a bailee of the property during the term specified by the contract: Edwards' Appeal, 105 Pa. 103. Coxey had, however, the right at any time to buy the property, "upon payment of such sum as would amount with previous payments to the sum of $368.65." The amount of this purchase money did not thereupon become payable in installments, at the times when the rent would have been paid, but so soon as the option to purchase was exercised the whole amount unpaid became due. The covenant that the title should not pass until a bill of sale was delivered, was one which the plaintiffs might waive, and which they would be presumed to have waived by any agreement which recog-

nized Coxey as the owner of the property, and the contract as one of sale. The covenant of Brennan was an absolute guarantee " of the payment of the purchase money," and was subject to no condition, such as the future election of Coxey to make the purchase. It was not a covenant to guarantee the payment of the rent, nor of the purchase money in installments at the time the rent was due according to the lease, but a guarantee of the " payment of the purchase money of the within bill of goods in accordance with the terms of the within lease." The parties being all then present, it was competent for them to agree that Coxey should at once exercise his option to purchase; if he did so the entire purchase money would at once be payable, for he had paid nothing in the form of rent, and there was nothing to prevent the plaintiffs accepting the guarantee of Brennan instead of the cash. The subsequent action of Brennan in levying upon and selling the property as that of Coxey, was, as between him and these plaintiffs with whom he had contracted with regard to these very goods, evidence that Coxey was the owner of the property.

The defendant was liable under the terms of his guarantee, in the sense that he was under a legal obligation to pay the purchase money, in case Coxey failed to make such payment, and the amount could not be recovered from the latter. Whether there was any amount presently demandable of the defendant and, if so, how much, was dependent upon the facts. The appellant has not printed the charge of the court below, and we are left in the dark as to what facts were submitted to and found by the jury; nor has he printed any part of the testimony, and it is therefore impossible for us to surmise what findings of fact or inferences to be drawn from them were properly sustainable under the evidence. This offends against rule XXIV, and as the omission is vital to a proper consideration of this case we must enforce the penalty prescribed by rule XXXII.

The appeal is quashed.